UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-cv-62317-JIC

BBX CAPITAL CORPORATION, formerly BankAtlantic
Bancorp, Inc.,

        Plaintiff,

  v.

FEDERAL DEPOSIT INSURANCE CORP., in its
corporate capacity, and BOARD OF GOVERNORS OF
THE FEDERAL RESERVE BOARD,

        Defendants.
_____/

**DEFENDANT BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM'S**
**OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Joshua P. Chadwick (Special Bar ID: A5501972)
  Special Counsel
Christopher J. Becker (Special Bar ID: A5502418)
  Counsel
Board of Governors of the Federal Reserve System
20th & C Streets, N.W.
Washington, D.C. 20551
(202) 452-2242 (phone)
(202) 736-5615 (fax)
Email: christopher.j.becker@frb.gov

*Counsel for Board of Governors of*
*the Federal Reserve System*

Date: September 13, 2018

## TABLE OF CONTENTS

    Page

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................. 3

    I.   Plaintiff Has Failed to Identify Any Injury Caused by the Board or Any Arbitrary,
        Capricious, or Unlawful Board Action ........................................................................ 3

    II.  No Action Taken by the Board Has Violated Plaintiff's Right to Due Process ................. 6

    III. Plaintiff Has Failed to Show Unreasonable Delay Under the APA ..................................... 6

CONCLUSION .......................................................................................................................... 7

CERTIFICATE OF SERVICE ................................................................................................... 8

## TABLE OF AUTHORITIES

Page

CASES

*Am. Civil Liberties Union of Fla., Inc. v. Dixie Cnty., Fla.*,
   690 F.3d 1244 (11th Cir. 2012) ............................................................................................. 3

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ................................................................................................................ 3

*Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*,
   435 F.2d 850 (10th Cir. 1970) ................................................................................................. 6

*Telecomms. Research & Action Ctr. v. F.C.C.*,
   750 F.2d 70 (D.C. Cir. 1984) .................................................................................................. 6

STATUTES

5 U.S.C. § 551 ................................................................................................................................ 1

12 U.S.C. § 1828(k) ....................................................................................................................... 2

REGULATIONS

12 C.F.R § 359 ............................................................................................................................... 1

12 C.F.R § 359.4(a)(1) ............................................................................................................. 2, 4

**INTRODUCTION**

Defendant Board of Governors of the Federal Reserve System (the "Board") hereby submits this Opposition to Plaintiff BBX Capital Corporation's ("BBX") Motion for Summary Judgment ("Plaintiff's Motion"). Plaintiff challenges, under the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, final agency action taken by the FDIC and the Board regarding five applications submitted by Plaintiff pursuant to the FDIC's golden parachute regulations at 12 C.F.R. Part 359 (the "Regulations"). Plaintiff also asserts that the Board violated its constitutional due process rights and argues that the Board has unreasonably delayed action on three subsequent golden parachute applications.

In its Motion, Plaintiff repeatedly misrepresents the final agency action taken by the Board in this case. For instance, Plaintiff alleges that the Board "concurred" in the FDIC's decision not to approve the full amount of the requested severance payments. Pl.'s Mot. at 5. In truth, the Board approved the amounts that were approved by the FDIC and took no action on the remaining amounts because the FDIC's action on these amounts rendered meaningless any additional action by the Board. Under the "regulator's concurrence" exception, each agency has a veto power over whether a payment can be made, or the amount of a payment that can be made. And under the "change-in-control" exception, neither agency can approve more than twelve months' salary. Once one agency approves twelve months' salary (which the FDIC did in approving a portion of the payments but refusing to approve any additional amount), the other agency – here, the Board – has no power except to *reduce* that amount; it can concur in the twelve-month figure, but it cannot increase it.

Plaintiff further mischaracterizes the Board's action in its summary of the agencies' actions. Pl.'s Mot. at 6-7. Plaintiff correctly states that it was the FDIC alone that "concluded that the contractually required payments by BBX to former BankAtlantic executives were

1

'golden parachute' payments that required regulatory approval by the FDIC and [the Board]," Pl.'s Mot. at 6, which is consistent with the FDIC's sole statutory authority to make such a determination. 12 U.S.C. § 1828(k). However, Plaintiff incorrectly states that the FDIC *and* the Board "erroneously concluded that 12 C.F.R. § 359.4(a)(1) does not permit payments in excess of twelve months salary," and "erroneously concluded that payments to five executives, who they admit performed admirably in the face of a 'protracted national economic downturn,' should be limited to the amount of their salary in 2011." Pl.'s Mot. at 7. The Board made no such conclusions, because *it had no reason to make such conclusions*. Once the FDIC approved payments of twelve months' salary and not more, the only task for the Board was to issue a decision concerning whether payments of twelve months' salary were appropriate. The Board decided that they were, and, accordingly, issued an approval letter. D.E. 24-9. Nowhere in that letter are the conclusions that Plaintiff alleges the Board has made.

Plaintiff also incorrectly states that the FDIC *and* the Board erroneously concluded, without explanation, that an additional agency review process must be completed before BB&T can reimburse any payments made by BBX that have already been approved by the Agencies." Pl.'s Mot. at 7. Again, the Board made no such determination. Rather, the requirement that BB&T must file an application prior to paying or reimbursing these payments flowed directly from the FDIC's determination that the payments are golden parachute payments. The FDIC notified Plaintiff, in its April 4, 2013, determination letter, of its interpretation of its regulations and the basis for that interpretation. *See* D.E. 24-2. The Board had no role in that process.

Finally, Plaintiff asserts that the Board has unreasonably delayed action on three later-filed golden parachute applications and that it is entitled to mandamus compelling such action. No authority supports Plaintiff's conclusion, and it is not correct.

As discussed below, and as explained in the Board's Memorandum of Points and Authorities in Support of its Motion to Dismiss or for Summary Judgment ("Board's Motion"), D.E. 40, Counts II, IV, and V of Plaintiff's Amended Complaint should be dismissed as to the Board, or, alternatively, summary judgment should be entered in favor of the Board on these counts, and summary judgment should be entered in favor of the Board on Count III.[1]  Attached to this Opposition is the Board's response to Plaintiff's Statement of Undisputed Facts in Support of its Motion for Summary Judgment.[2]

## ARGUMENT

**I.     Plaintiff Has Failed to Identify Any Injury Caused by the Board or Any Arbitrary, Capricious, or Unlawful Board Action**

In order to establish its standing to bring its claims against the Board in Counts II, IV, and V, Plaintiff must properly plead three elements: (1) that it has suffered an "injury-in-fact"; (2) that there is a causal connection between the asserted injury-in-fact and the challenged action of the Board; and (3) that "the injury will be redressed by a favorable decision."  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotation marks omitted).  Importantly, it is the plaintiff's burden to prove standing.  *See Am. Civil Liberties Union of Fla., Inc. v. Dixie Cnty., Fla.*, 690 F.3d 1244, 1247 (11th Cir. 2012) (quoting *Lujan*, 504 U.S. at 561).  At the summary judgment stage, Plaintiff may not rely on "mere allegations" to carry its burden.  *Lujan*, 504 U.S. at 561.  Plaintiff has failed to satisfy its burden to show standing and, even if it could, has failed to identify any Board action that is arbitrary, capricious, or contrary to law.

---

[1] Count I, which claims that the FDIC erred in determining that the payments in question are "golden parachute payments," and which is discussed at pages 11-13 of Plaintiff's Motion, is not addressed to the Board, and is not discussed further in this Opposition.

[2] Given the substantially identical issues, the Board hereby incorporates by reference its briefs in support of its Motion to Dismiss or for Summary Judgment, D.E. 40.

3

In arguing that the agencies arbitrarily imposed a cap of twelve months' salary on the payment amounts, Plaintiff alleges that the Board accepted "without analysis" the FDIC's conclusions concerning 12 C.F.R. § 359.4(a)(1) and FDIC Guidance on Golden Parachute Applications.  Pl.'s Mot. at 14.  Plaintiff is correct that the Board did not analyze these conclusions, but only because *the Board had no reason to analyze these conclusions*.  The Board has no statutory role in the FDIC's decision-making process or its application of its guidance.  The Board has no obligation or ability to evaluate the FDIC's conclusions, and only reviewed them to the extent that they were necessary background information related to the pending applications with the Board.  Once the FDIC decided to concur only in an approval of twelve months' salary, that was the only amount that the Board had reason to review, since action on any other amounts would be moot.  *See* 12 C.F.R. § 359.4(a)(1) (requiring FDIC concurrence for any permissible golden parachute payment over twelve months).  Therefore, Plaintiff's arguments in pages 13-15 of its Motion, which assert that the twelve months' salary cap is arbitrary and capricious, are completely divorced from any Board action.

Plaintiff next argues that the Board ignored evidence that the Regulations required it to consider.  Pl.'s Mot. at 15-17.  As discussed above, the Board's sole action following the FDIC's administrative decision was to review whether payments of twelve months' base salary were permissible.  The Board fully approved these amounts following its review.  The Board considered the evidence that it was permitted to consider under the Regulations, and determined that an approval of the amounts not mooted by the FDIC's action was warranted.  Plaintiff's argument that the agencies arbitrarily reduced the amounts of the proposed severance payments,

4

*see* Pl.'s Mot. at 15, is therefore inapposite as to the Board, which did not reduce any payment amount.[3]

Plaintiff's argument that a "second review process" for payments made by BB&T to BBX is arbitrary and capricious, *see* Pl.'s Mot. at 18, revisits the golden parachute coverage arguments made earlier in its Motion at pages 11-13 and is likewise inapplicable to the Board. *See supra* note 1. While Plaintiff may disagree with the FDIC's interpretation that these payments are golden parachute payments, an interpretation that compels BB&T to submit a golden parachute application before reimbursing BBX, the Board had no role in that decision. To the extent that Plaintiff claims that the Board has "stated, without explanation" that BB&T would be required to seek approval to reimburse the payments, that determination flowed directly from the FDIC's determination that the payments are golden parachute payments and was not an exercise of Board discretion. In its letter concluding that the proposed severance payments by BBX were golden parachute payments, the FDIC (and FDIC alone) concluded that BB&T would need prior approval to make or reimburse BBX for the payments because they were "golden parachute" payments, *see* D.E. 24-2 at 7, a decision the Board has no authority to revisit or countermand.

Plaintiff has not, and cannot, show any injury caused by any final agency action of the Board. Therefore, as discussed more fully in pages 6-10 of the Board's Motion, Count II of the Amended Complaint must be dismissed.

---

[3] The Board did, of course, have the option of not concurring with the full twelve months' salary approved by the FDIC, in which case the amount about which the regulators concurred would have been the *lower*, Board-approved amount. While such action might have given rise to a valid claim of injury by Plaintiff against the Board, that counterfactual scenario did not occur here.

**II.   No Action Taken by the Board Has Violated Plaintiff's Right to Due Process**

As discussed in Section IV.D of the Board's Motion, Plaintiff lacks standing to bring its due process claim against the Board (Count IV), and has not identified a protected interest of which it was deprived by Board action.  Plaintiff fails to cite any action by the Board in relation to its alleged deprivations because the Board has not taken any such action.  Plaintiff's alleged deprivations – that it has been unable to fulfill its "legal obligations to pay severance to former executives," or be "reimbursed for those payments as required by contract" – do not derive from any Board decision.  In fact, the Board's sole action – approval of the non-moot portions of Plaintiff's applications – has *allowed* Plaintiff to fulfill these interests to the extent permitted by the FDIC.

**III.   Plaintiff Has Failed to Show Unreasonable Delay Under the APA**

Plaintiff cites no cases supporting its claim that the Board has failed to act "within a reasonable time" under the APA (Count III).  The "first stage of judicial inquiry" in such a claim is whether the agency's delay is "*egregious*."  *Telecomms. Research & Action Ctr. v. F.C.C.*, 750 F.2d 70, 79 (D.C. Cir. 1984) (emphasis added).  Plaintiff has shown no legal authority supporting the proposition that 13 months is unreasonable under the APA and the Board is aware of none.  *See Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970) (noting a party's failure to cite any relevant authority suggests "that there is no authority to sustain its position . . . .").  Rather, as explained in Section IV.C of the Board's Motion, the factors to be considered in unreasonable delay cases do not support the extraordinary relief Plaintiff seeks and courts have rejected mandamus claims when agency processing has taken much longer.  Because the caselaw cited in the Board's Motion makes clear that plaintiff is not

entitled to mandamus with respect to the Board's processing of the second round of applications, summary judgment should be entered for the Board on this count.

## CONCLUSION

For the foregoing reasons, Counts II, IV, and V of Plaintiff's Amended Complaint should be dismissed as to the Board, or, alternatively, summary judgment should be entered in favor of the Board on these counts, and summary judgment should be entered in favor of the Board on Count III.

Dated:  September 13, 2018

                                            Respectfully submitted,

                                            s/ Christopher J. Becker
                                            Joshua P. Chadwick (Special Bar ID: A5501972)
                                              Special Counsel
                                            Christopher J. Becker (Special Bar ID: A5502418)
                                              Counsel
                                            Board of Governors of the Federal Reserve System
                                            20th & C Streets, N.W.
                                            Washington, D.C.  20551
                                            (202) 452-2242 (phone)
                                            (202) 736-5615 (fax)
                                            Email: christopher.j.becker@frb.gov

                                            *Counsel for Board of Governors of*
                                            *the Federal Reserve System*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 13, 2018, I electronically filed the foregoing document using the CM/ECF filing system.

      s/ Christopher J. Becker
      Christopher J. Becker (Special Bar ID: A5502418)